IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 NOV -9  AM 10: 27

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WILLIE MARTIN, individually[1] and as father of Kevin Scott, and LINDA SCOTT HARRIS, individually and as mother of Kevin Scott,<br><br>Plaintiffs,<br><br>v.<br><br>CORRECTION CORPORATION OF AMERICA, et al.,<br><br>Defendants. | No. 05-2181 Ml/P |

**ORDER DENYING MOTION TO INTERVENE AND TO AMEND
AND DENYING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE**

Before the Court is the Motion to Intervene and to Amend Complaint and Supporting Memorandum by the potential intervenor, Scott Peatross, filed July 15, 2005. Peatross filed supplemental memoranda in support of the motion to intervene and to amend on August 26, 2005, and September 13, 2005. Plaintiff Linda Scott Harris responded to the motion to intervene and amend on August 26, 2005, and Peatross submitted a reply to Plaintiff Harris' response on October 14, 2005. Also before the Court is the Motion for Extension of Time to File Response to Motion to Dismiss, or in the Alternative, for Summary Judgment, filed on

---

[1] Mr. Martin was removed as administrator of the estate of Kevin Scott. Therefore, the clerk is ORDERED and the parties are instructed to amend the style of the case to delete all references to Mr. Martin as administrator.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-9-05

(41)

August 1, 2005, by Peatross and Plaintiff Martin. For the following reasons, the motions are DENIED.

## I. BACKGROUND AND RELEVANT FACTS

This case arises out of the death of Kevin Scott, the child of Plaintiff Willie Martin ("Martin") and Plaintiff Linda Scott Harris ("Harris"). Kevin Scott was found to be delinquent in juvenile court in November, 2003, and was placed in detention at the Shelby Training Center in December, 2003. Scott allegedly hanged himself in his cell at the Shelby Training Center on February 11, 2004, and died that day.

Following Scott's death, Martin, decedent's natural father, filed a petition in the Chancery Court in Humphreys County, Mississippi, to be appointed administrator of his son's estate. The court appointed Martin as the administrator. Harris contested jurisdiction, and the court dismissed the probate proceedings in April, 2005.

On March 22, 2004, Harris filed the instant suit for wrongful death in the Circuit Court of Shelby County, alleging violations of various state and federal laws by Defendants. On February 11, 2005, the Circuit Court granted Martin's motions to intervene and to amend the complaint. Martin was added as a plaintiff both in his individual capacity and as the administrator of Kevin Scott's estate.[2] On March 8, 2005, Defendants removed this case to federal court asserting

---

[2] Martin was added as a plaintiff prior to being terminated as administrator by the Mississippi Chancery Court.

jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Subsequent to being terminated as administrator by the Chancery Court in Mississippi, Martin filed a petition in the Shelby County Probate Court to be appointed administrator of his son's estate. Harris did not respond to this petition, but on the day of the hearing, notified the court that she opposed Martin serving as administrator. The probate court instead appointed Scott Peatross ("Peatross"), an attorney, to serve as administrator, and Peatross agreed to serve.³

Peatross now moves to intervene in this action. Martin is agreeable to proceeding with the administrator as the sole plaintiff in this suit; however, he requests to remain a plaintiff in the event that Harris remains a plaintiff. Harris insists on remaining a named plaintiff, and she contends that she is Kevin Scott's only heir and that Martin should not be a named plaintiff.⁴

## II. ANALYSIS

The potential intervenor, Peatross, argues that he is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2).⁵ In this circuit, potential intervenors must establish

---

³ Harris appears to contest the Probate Court's appointment of Scott Peatross as administrator of Kevin Scott's estate. However, this issue is not properly before the Court.

⁴ Harris had not moved this Court to dismiss Martin from the lawsuit. Accordingly, this issue is not before the Court and the Court declines to address it here.

⁵ Rule 24(a)(2) states that "[u]pon timely application anyone shall be permitted to intervene in an action ... (2) when

3

the following to intervene as a matter of right: (1) that the motion to intervene was timely; (2) that the intervenor has substantial legal interest in the subject matter of the case; (3) that the intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent that interest. United States v. Tennessee, 260 F.3d 587, 591-92 (6th Cir. 2001); Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999)(citing Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990)); Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997)(citation omitted). Courts construe the rule liberally and in favor of the proposed intervenor. Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000)(citing Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991)). In deciding the motion, "the court will accept as true all well-pleaded, nonconclusory allegations in the motion to intervene, in the proposed complaint or answer in intervention, and in declarations supporting the motion . . . ." 6 James Wm. Moore, Moore's Federal Practice, § 24.03[1][a] (3d ed. 2005).

### A. Timeliness

"The timeliness of an intervention is governed by equitable

---

the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

4

principles, and is determined by the facts and circumstances of each particular case." American Materials Technologies, LLC v. City of Chattanooga, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000). In determining whether a motion to intervene was timely filed, the Court considers the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case;
> (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Id. (citing Velsicol Chemical Corp. v. Enenco, Inc., 9 F.3d 524, 531 (6th Cir. 1993); Triax Co. v. TRW, Inc., 724 F.2d 1224, 1228 (6th Cir. 1984)). The timeliness of a motion to intervene "is to be determined from all the circumstances . . . [in the court's] exercise of its sound discretion . . . ." NAACP v. New York, 413 U.S. 345, 365-66 (1973)(citations omitted).

The Court finds that the potential intervenor did file his motion in a timely fashion. Peatross filed his motion to intervene at an early stage of the litigation—after Defendants filed motions to dismiss and before Plaintiffs' response to the motions to dismiss was due. He does not appear to have unreasonably delayed or otherwise prejudiced the parties by the timeliness of his application. Accordingly, Peatross has satisfied the first element of intervention as of right.

5

## B. Substantial Interest

The potential intervenor must next demonstrate that he has a substantial legal interest in the subject matter of this case. This circuit has endorsed an expansive notion of the interest which satisfies the second element of intervention as of right. See Miller, 103 F.3d at 1245; Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987)("[T]his court has acknowledged that 'interest' is to be construed liberally."). It has noted that an intervenor need not have the standing necessary to initiate a lawsuit, see Purnell, 925 F.2d at 948, and has approvingly cited decisions of other courts "reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest." Miller, 103 F.3d at 1245; see also Grutter, 188 F.3d at 398-99. This circuit has also indicated that satisfaction of the second element is related to the proximity of the potential intervenors to the parties and issues in the case. See Jansen v. City of Cincinnati, 904 F.2d 336, 341-42 (6th Cir. 1990)(finding that parties to consent decree which set goals for minority hiring had substantial legal interest in lawsuit which challenged department's affirmative action policy); Bradley, 828 F.2d at 1192 (noting substantial interest of students, parents, and parent organizations in eliminating segregation).

Under Tennessee law, however, while a personal representative[6] may bring suit for wrongful death, an

---

[6] An administrator is a personal representative for purposes of the statute. Black's Law Dictionary 1328 (8th ed.

6

administrator has no true interest in the action.[7] When an administrator brings a wrongful death action, "[n]either the claim nor the recovery thereunder becomes a part of the estate of the deceased, and the personal representative, as such, has no interest in the recovery. He is a medium only for enforcing the rights of others." Cummins v. Woody, 152 S.W.2d 246, 248 (Tenn. 1941). An administrator's interest in a wrongful death action is wholly derivative of the interest of the permissible beneficiaries enumerated in the wrongful death statute. Foster

---

2004)("Personal representative. A person who manages the legal affairs of another because of incapacity or death . . . . [A]n administrator is a personal representative not named in a will."); see also 12 Tennessee Jurisprudence Executors and Administrators § 14 (1984)(using words "administrator" and "personal representative" interchangeably).

[7] The relevant portion of the Tennessee wrongful death statute states:

> The right of action which a person . . . whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; or to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; or to the person's natural parents or parent or next of kin if at the time of death decedent was in the custody of natural parents or parent and had not been legally surrendered or abandoned by them . . . .

Tenn. Code Ann. § 20-5-106(a). The statute continues:

> The action may be instituted by the personal representative of the deceased or by the surviving spouse . . ., or, if there is no surviving spouse, by the children of the deceased or by the next of kin . . . .

Tenn. Code Ann. § 20-5-107(a).

v. Jeffers, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991)("[T]he existence of one of these [statutorily prescribed] beneficiaries is a prerequisite to bringing an action for wrongful death."); Johnson v. Metro. Gov't of Nashville and Davidson County, 665 S.W.2d 717 (Tenn. 1984). "The next of kin for whose benefit the rights of action survives are the real plaintiffs, and the administrator . . . is nevertheless a mere trustee and a nominal party." Sanders' Adm'x v. Louisville & N.R. Co., 111 F. 708, 709 (6th Cir. 1901).

In this case, Peatross, as the administrator of Kevin Scott's estate, can only bring a wrongful death suit on behalf of the statutorily prescribed beneficiaries in order to protect their interests. He is solely a medium for enforcing the rights of these beneficiaries and has no actual interest in the suit. As such, Peatross does not have a substantial legal interest in the subject matter of this case.

In addition, any interest that an administrator has in bringing a wrongful death action is subordinate to that of the decedent's surviving parents under the terms of the Tennessee wrongful death statute. Troutman v. Johnson City, Tenn., 392 F.Supp. 556, 558 (E.D. Tenn. 1974)(finding decedent's mother's right of action superior to right of action of personal representatives); Koontz v. Fleming, 65 S.W.2d 821, 824 (Tenn. Ct. App. 1933); Busby v. Massey, 686 S.W.2d 60, 62 (Tenn. 1984)("[A]n adult beneficiary has priority over an administrator in prosecuting his/her own suit."); Cummins, 152 S.W.2d at 248.

8

The next of kin retain priority even if they are not appointed administrator or decline to be the administrator. Id.; Estate of Baker ex rel. Baker v. Maples, 995 S.W.2d 114, 115 (Tenn. Ct. App. 1999)(finding that widow maintained right of action in wrongful death suit instead of administrator, even after widow withdrew as co-administrator). Under Tennessee law, there can be only one cause of action for an individual's wrongful death. Jamison v. Memphis Transit Mgt. Co., 381 F.2d 670, 673 (6th Cir. 1967)(citation omitted); Kline v. Eyrich, 69 S.W.3d 197, 207 (Tenn. 2002). Thus, any interest that Peatross might have in bringing this lawsuit is subordinate to the right of the surviving parents to bring suit. Kevin Scott's parents are already exercising that right by prosecuting this lawsuit, and the administrator must defer to the parents. Accordingly, Peatross fails to establish the second element of intervention as a matter of right.

### C. Impairment of Interest Absent Intervention

Even assuming that the Court was to find that the potential intervenor has a sufficient interest in the subject matter of the suit, he would next have to show that his substantial legal interest may be impaired if intervention is denied. See Fed. R. Civ. P. 24(a)(2); Purnell, 925 F.2d at 948 (noting that impairment need only be possible, not inevitable). Peatross cannot make this showing. Even if the Court assumes that Peatross has a legally sufficient interest in the subject matter of this action, his interest as administrator is solely

9

derivative of the interest of the beneficiaries, Martin and Harris. See Foster, 813 S.W.2d at 451. Both beneficiaries are already representing their interests before the Court as plaintiffs. There has been no contention that other statutorily prescribed beneficiaries exist who are not already involved in the suit. In fact, Harris contends that she is the only feasible beneficiary in this case. As all possible statutorily prescribed beneficiaries are already plaintiffs in this action, the administrator can do nothing more to protect their interests, and thus cannot demonstrate that his interest might be impaired absent intervention.

### D. Inadequate Representation of Interest by Existing Parties

Lastly, prospective intervenors have the burden of showing that the parties may not adequately represent their interests. See Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972); Grutter, 188 F.3d at 400. They are "not required to show that representation will in fact be inadequate." Miller, 103 F.3d at 1247 (emphasis added). However, "[i]f an applicant's interests in litigation are the same as the interests of one or more of the existing parties, adequate representation is assured." 6 James Wm. Moore, Moore's Federal Practice, § 24.03[4][a][ii] (3d ed. 2005)(citing Washington Elec. Coop. v. Mass. Mun. Wholesale Elec. Co., 992 F.2d 92, 98 (2d Cir. 1990); Southmark Corp. v. Cagan, 950 F.2d 416, 419 (7th Cir. 1991); City of Stilwell v. Ozarks Rural Elec. Coop. Corp., 79 F.3d 1038, 1042 (10th Cir. 1996)).

10

As noted above, the potential intervenor has no interests other than those of the existing parties to this action—the beneficiaries of Kevin Scott's estate. The beneficiaries are already parties to this action; thus, adequate representation is assured.

### III. CONCLUSION

As set forth above, the potential intervenor has failed to demonstrate that he is entitled to intervene in this action as a matter of right, pursuant to Fed. R. Civ. P. 24(a)(2). Accordingly, the Motion to Intervene and to Amend Complaint is DENIED. The Motion for Extension of Time to File Response to Motion to Dismiss, or in the Alternative, for Summary Judgment, filed by the potential intervenor and Martin, is DENIED. Plaintiffs Martin and Harris are ORDERED to respond to the pending motions to dismiss within thirty (30) days of the entry of this order.

So ORDERED this ___ day of November, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:05-CV-02181 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

---

K. Michelle Booth
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Felisa N. Cox
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Suite 660
Memphis, TN 38103

Marc E. Reisman
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Kathryn W. Olita
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Jeffrey S. Rosenblum
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 560
Memphis, TN 38103

Paul James Springer
LAW OFFICE OF PAUL J. SPRINGER
100 N. Main Bldg.
Ste. 3015
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Paul James Springer
LAW OFFICE OF PAUL J. SPRINGER
605 Poplar Avenue
Memphis, TN 38105

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT