```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

```
WILLIE MARTIN, individually      )
and as father of Kevin Scott,    )
and LINDA SCOTT HARRIS,          )
individually and as mother       )
of Kevin Scott,                  )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )  No. 05-2181 Ml/P
                                 )
CORRECTIONS CORPORATION OF       )
AMERICA, et al.,                 )
                                 )
     Defendants.                 )
```
_____

**ORDER DENYING MOTION TO DISMISS BY CORRECTIONS CORPORATION OF AMERICA, DANNY SCOTT, AND MAGNOLA VAUGHN AND
ORDER GRANTING MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT BY SHELBY COUNTY AND YOUTH SERVICES BUREAU**
_____

Before the Court is the Motion to Dismiss by Defendants Corrections Corporation of America, Danny Scott, and Magnola Vaughn, filed April 7, 2005. Also before the Court is the Motion of Shelby County[1] and Youth Services Bureau to Dismiss or, in the Alternative, for Summary Judgment, filed May 13, 2005. Plaintiffs[2] responded in opposition to both motions on December 8, 2005. For the following reasons, the motion of Corrections Corporation of America, Danny Scott, and Magnola Vaughn is

---

[1] The clerk is hereby ORDERED to reflect that Shelby County is a Defendant in this action.

[2] Plaintiff Willie Martin filed responses to both motions, which the Court construes as the responses of both Plaintiff Martin and Plaintiff Harris.

DENIED.  The motion of Shelby County and Youth Services Bureau is GRANTED.

**I. BACKGROUND AND RELEVANT FACTS**

This case arises out of the death of Kevin Scott, the child of Plaintiff Willie Martin ("Martin") and Plaintiff Linda Scott Harris ("Harris").  Kevin Scott was found to be delinquent in juvenile court in November, 2003, and was placed in detention at the Shelby Training Center in December, 2003.  He allegedly hanged himself in his cell at the Shelby Training Center on February 11, 2004, and died that day.

On March 22, 2004, Harris filed the instant suit for wrongful death in the Circuit Court of Shelby County, Tennessee, alleging violations of various state and federal laws by Defendants.  On February 11, 2005, the Circuit Court granted Martin's motion to intervene and amend, and Martin was added as a plaintiff.[3]  On March 8, 2005, Defendants removed this case to federal court asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Defendant Corrections Corporation of America ("CCA") operates the Shelby Training Center pursuant to a contract with Shelby County.  Defendant Danny Scott ("Scott") was the warden/administrator at the Shelby Training Center at all times

---

[3] Martin had previously filed a petition to be appointed administrator in the Chancery Court in Mississippi and in the Circuit Court in Tennessee.  He was appointed and later terminated in the Mississippi court, and his petition was denied in the Tennessee court.

2

relevant to this action. Defendant Magnola Vaughn ("Vaughn") is a registered nurse and was the Health Services Administrator at Shelby Training Center at all times relevant to this action. Defendant Shelby County is "responsible for housing and rehabilitating troubled juveniles in our community . . . ." (Am. Compl. ¶ 5.) Defendant Youth Services Bureau ("YSB")is an agency of Shelby County responsible for carrying out these obligations. (Am. Compl. ¶ 6.)

Plaintiffs assert violations of the Eighth and Fourteenth Amendments of the U.S. Constitution and negligence claims against CCA, Scott, and Vaughn. Plaintiffs also assert a claim of medical malpractice against Vaughn. Plaintiffs allege that Defendants Shelby County and YSB violated the Eighth Amendment by their "deliberate indifference to the health and welfare of Kevin Scott" (Am. Compl. ¶ 50) and that they were negligent "by continuing to allow Defendant CCA to house and rehabilitate the troubled youth of our community" (Id.).

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the

3

allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint [under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**B. Summary Judgment**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.

4

P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. ANALYSIS**

   **A. Motion to Dismiss by Defendants CCA, Scott, and Vaughn**

Defendants CCA, Scott, and Vaughn move to dismiss this action on the sole ground that "Plaintiff has failed to show that there existed any actual or constructive knowledge by these Defendants of any known propensities of the Decedent to inflict harm upon himself or others . . . ." (Mot. Dismiss 2.) In their response, Plaintiffs point to their allegations in the Amended Complaint that Kevin Scott was diagnosed by CCA personnel as suffering from depression and that CCA's records note that Kevin had a previous history of suicidal intent by verbal indications. (Pl.'s Resp. Mot. Dismiss[4] 4 citing Am. Compl. ¶¶ 12, 14.) Plaintiffs also allege in their complaint that Defendant CCA

---

[4] Plaintiffs' response was entitled "Plaintiff's Response to Motion to Dismiss Filed on Behalf of Defendants Corrections Corporation of America Inc., Shelby Training Center and Warden Danny Scott." While Plaintiffs did not specifically respond to Defendant Vaughn, the Court finds their argument regarding the claim of deliberate indifference equally applicable to her. The Court also notes that Shelby Training Center is not a defendant in this action.

5

"showed deliberate indifference to [Decedent's] medical needs by not providing him with access to medical care and treatment" and that this failure ultimately lead to Decedent's death.  (Am. Compl. ¶¶ 16, 18-20, 22.)

The Court finds that Plaintiffs have alleged sufficient facts to support a claim of deliberate indifference. Accordingly, the Court DENIES the Motion to Dismiss of Defendants CCA, Scott, and Vaughn.

**B. Motions to Dismiss or, in the Alternative, for Summary Judgment by Shelby County and YSB**

**1. Dismissal of Defendant YSB**

As a preliminary matter, the Court considers the status of Defendant YSB as a party to this action.  In its motion to dismiss, Defendants Shelby County and YSB urge the Court to find that Defendant YSB has been voluntarily dismissed from the case. Defendants point to Plaintiffs' Amended Complaint, which states that YSB is an agency of Shelby County and that Plaintiff "is prepared to enter an order of non-suit if Shelby County will agree that the inclusion of the county is sufficient to cover the alleged actions and inactions of the employees of Youth Services Bureau."  (Am. Compl. ¶ 6.)  In its motion papers, Defendant Shelby County explicitly "accept[ed] the Plaintiffs' offer to voluntarily dismiss Youth Services Bureau."  (Mot. Shelby County and Youth Services Bureau to Dismiss, or, in the Alternative, for Summ. J. ("Mot. Dismiss Shelby County") 3.)  Plaintiffs subsequently "consent[ed] to the voluntary dismissal of Defendant YSB" in their response to the instant motion to dismiss.  (Pl.'s

6

Resp. Def. Shelby County and Youth Services Bureau's Mot. Dismiss, or, in the Alternative, for Summ. J. ("Pls.' Resp. Shelby County") 5.) Pursuant to the parties' stipulations, the Court orders that Defendant YSB be DISMISSED as a party to this action.[5]

### 2. Failure to Ensure Adequate Medical Attention

Plaintiffs bring claims against Defendant Shelby County under 42 U.S. § 1983 for Defendant's deliberate indifference to Kevin Scott's serious medical needs and its failure to ensure his adequate medical attention. The parties agree that negligence claims are not actionable under § 1983. However, Plaintiffs allege that they have "articulated a policy of deliberate indifference with regard to the medical needs of children at the [Shelby Training] Center which amounts to more than negligence or even gross negligence." (Pls.' Resp. Shelby County 6.)

#### a. Legal Standard

Section 1983 does not create substantive rights, but rather serves as a "method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). To establish a prima facie case under § 1983, a plaintiff must prove two elements: (1) that the government action occurred "under color of law" and (2) that the action is a deprivation of a constitutional right or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998). "The first step in any such claim is to

---

[5] The Court construes all remaining claims and defenses to be asserted solely against and by Defendant Shelby County.

7

identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994).

The government has a constitutional obligation "to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)(joint opinion of Stewart, Powell, and Stevens, JJ.)). "In order to state a cognizable claim [under the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Psychological needs are medical needs and may constitute serious medical needs, particularly where they result in suicidal tendencies. Horn by Parks v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994)(citing Danese v. Asman, 875 F.2d 1239, 1243-44 (6th Cir. 1989); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985)).

There is both a subjective and objective component to an Eighth Amendment claim. In order to establish liability, the deprivation must be sufficiently serious. Wilson v. Seiter, 501 U.S. 294, 297-98 (1991). In addition, the official must have "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

8

confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw the inference." Id. at 837. The Supreme Court has noted that deliberate indifference to a substantial risk of serious harm to a prisoner "is the equivalent of recklessly disregarding that risk." Id. at 836.

In order to establish municipal liability under § 1983, the municipality itself must have caused a constitutional deprivation. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978). Before a local governmental unit can be held liable for injuries pursuant to § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989)(quoting Monell, 436 U.S. at 690). A municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents, but rather has liability only when the "execution of the government's policy or custom . . . inflicts the injury." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Further, the governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation of constitutional rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

### b. Responsibility for CCA's Actions

The parties both acknowledge that Defendant Shelby County

contracted out the operation of the Shelby Training Center to CCA. (Am. Compl. ¶ 5; Mot. Dismiss Shelby County Ex. 1.) They agree that § 1983 claims cannot be brought under a theory of respondeat superior. However, the parties dispute whether Defendant Shelby County may be held liable for actions that occurred at the Shelby Training Center while it was operated by CCA. Defendant Shelby County contends that it "affirmatively relied on CCA's accreditations and certifications as well as CCA's representations that its staff and personnel were/are properly trained in the care of housed juveniles, including health care necessary for the physical and mental well being of the juveniles pursuant to American Correctional Association Standards for Juvenile Correctional Facilities." (Mot. Dismiss Shelby County 8; see also id. Ex. 1 ¶¶ 5-7.)

A municipality is not relieved of its obligations to provide adequate medical care simply by contracting out its duties. Leach, 891 F.2d at 1250 (6th Cir. 1989) "Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." Id. (quoting West v. Atkins, 487 U.S. 42, 56 (1988)); see also Ancata v. Prison Health Services, Inc., 769 F.2d 700, 705 (11th Cir. 1985)("The federal courts have consistently ruled that governments, state and local, have an obligation to provide medical care to incarcerated individuals. This duty is not

10

absolved by contracting with a[ private] entity. . . . [T]he county itself remains liable for any constitutional deprivations caused by the policies or customs of the [private entity].").

Plaintiffs have alleged that CCA "failed to adequately develop proper procedures for diagnosis and treatment of residents with suicidal tendencies," that at least two other residents have attempted or committed suicide, and that "Defendant Shelby County knew about each of these prior suicides and/or suicide attempts and failed to take any steps to either remove CCA from its position of responsibility as it relates to rehabilitating and housing troubled juveniles in our community or to ensure that the juveniles housed at the Center received adequate medical health care." (Pls.' Resp. Shelby County 10-11.)

Treating all of Plaintiffs' well-pleaded allegations of the complaint as true, Plaintiffs have alleged sufficient facts to withstand a motion to dismiss. However, Plaintiffs have not pointed to specific facts or evidence as required to defeat a motion for summary judgment. To withstand a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). At the summary judgment phase, "[t]he nonmoving party may not rest on his pleadings, but must come forward with evidence from which a rational trier of fact could find in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986), cited in Bridgeport Music, Inc. v. Diamond Time, Ltd.,

11

371 F.3d 883, 889 (6th Cir. 2004). Plaintiffs have failed to do so. Plaintiffs have not identified or put forward evidence--in the form of affidavits, depositions, or answers to interrogatories--of any county policy or custom that caused their injury. See Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997)(citations omitted)(holding that "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury"). The Court thus finds that Plaintiffs have not demonstrated that there is a genuine issue for trial.

Accordingly, Defendant Shelby County's motion for summary judgment as to Plaintiffs' § 1983 claim of deliberate indifference is hereby GRANTED.

### 3. State Claims

Defendant Shelby County also moves to dismiss or for summary judgment as to Plaintiffs' state law negligence claim. This claim is governed by the Tennessee Governmental Tort Liability Act (TGTLA). See Tenn. Code Ann. § 29-20-201 et seq.

Plaintiffs' claims under 42 U.S.C. § 1983 would ordinarily confer supplemental jurisdiction over the TGTLA claim because they arise out of the same facts and form part of the same case or controversy. See 28 U.S.C. § 1367(a). However, subject matter jurisdiction does not exist where supplemental jurisdiction is the only possible basis of jurisdiction. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the

12

federal claims [supporting supplemental jurisdiction] are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); see also Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999)("Given that the district court correctly dismissed the Hahns' federal claims, and with complete diversity of citizenship lacking, it properly rejected supplemental jurisdiction over the state law claims.")(citations omitted); Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction . . . .") (citations omitted).

    Because Plaintiffs' federal claims fail, Plaintiffs' state law claim is insufficient to support federal jurisdiction. Moreover, the TGTLA provides that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter." Tenn. Code Ann. § 29-20-307. The Sixth Circuit has held that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)] for declining jurisdiction." Gregory v. Shelby County, Tenn., 220 F.3d 433, 446 (6th Cir. 2000)(affirming district court's dismissal of TGTLA claims); Fromuth v. Metro. Gov't. of Nashville, 158 F. Supp. 2d 787, 798 (M.D. Tenn. 2001)("[U]nder the exclusivity provision of the TGTLA, this Court does not have subject matter jurisdiction over actions for negligence against local governments or its

13

officers.")(dismissing pendent state law claims in § 1983 action). Accordingly, this Court does not have supplemental jurisdiction over Plaintiffs' state law negligence claim, and Defendant Shelby County's motion for summary judgment is GRANTED as to this claim.

**IV. CONCLUSION**

As set forth above, Defendants Corrections Corporation of America, Danny Scott, and Magnola Vaughn have failed to demonstrate that the claims against them should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the Motion to Dismiss by Defendants Corrections Corporation of America, Danny Scott, and Magnola Vaughn is DENIED.

For the foregoing reasons, the Motion of Shelby County and Youth Services Bureau to Dismiss or, in the Alternative, for Summary Judgment is GRANTED. Defendants Shelby County and Youth Services Bureau are DISMISSED from this case.

So ORDERED this 17th day of January, 2006.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE