IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| WILLIE MARTIN, individually and as Administrator of the Estate of Kevin Scott and LINDA SCOTT HARRIS, individually and as mother of Kevin Scott, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 05-CV-2181 Ml/P |
| vs. | ) ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) | |

---

## REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR
CONTEMPT FOR PLAINTIFF, LINDA SCOTT HARRIS' FAILURE TO COMPLY
WITH PREVIOUS ORDERS OF THIS COURT AND FOR THE SANCTION OF
DISMISSAL OF PLAINTIFF'S CLAIMS AS TO ALL DEFENDANTS

---

### I.  PROPOSED FINDINGS OF FACT

Before the court is defendants Corrections Corporation of America, Danny Scott, and Magnola Vaughn's Motion to Dismiss or in the Alternative Motion for Contempt for Plaintiff Linda Scott Harris' Failure to Comply With Previous Orders of this Court and for the Sanction of Dismissal of Plaintiff's Claims as to All

-1-

Defendants, filed April 21, 2006.[1]  In their motion, defendants assert that on April 4, 2006, the court entered an order granting defendants' motion to compel discovery against plaintiff Harris, and that as of the date of the motion to dismiss, Harris has not provided defendants with discovery responses.  Based on this alleged violation of the court's April 4 order, defendants ask the court to impose a variety of sanctions, including dismissing all claims brought by Harris and awarding attorney's fees and expenses.

Plaintiff Harris did not file a response to defendant's motion to dismiss.[2]  As a result, on May 9, 2006, the court issued an order to show cause, directing Harris to appear before the undersigned Magistrate Judge to show cause why the motion should not be granted.  On May 25, 2006, all parties appeared before the court for the show cause hearing.  On that same date, Harris filed her "Response to Order to Show Cause."  In her response, and at the hearing, Harris stated that she had mailed her discovery responses to the defendants sometime before April 15, 2006, but for some reason, the defendants did not receive the responses.  Harris further stated that, upon receiving electronic notice of the

---

[1]Defendants do not allege any discovery violations by co-plaintiff Willie Martin, and thus do not seek dismissal of the claims brought by Martin.

[2]In fact, Harris did not file a response to defendants' motion to compel filed on February 28, 2006.  Based on Harris's failure to file a response, the court granted the motion on April 4.

court's show cause order, Harris immediately mailed another copy of the discovery responses to defendants.  At the hearing, defendants moved to withdraw their motion to dismiss, but asked the court to award attorney's fees.

## II.   PROPOSED CONCLUSIONS OF LAW

Under Fed. R. Civ. P. 37, a court may sanction parties who fail to comply with discovery with, among other things, dismissal of the lawsuit. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990).  "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995).  In deciding whether to dismiss a lawsuit as a sanction under Rule 37, this court considers several factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 154-55 (6th Cir. 1988)); Bass, 71 F.3d at 241 (citing Bank One of Cleveland, 916 F.2d at 1073).

-3-

Based on the defendants' request to withdraw their motion to dismiss, the court recommends that the motion be denied as moot. With respect to defendants' motion for attorney's fees, based on the entire record, the court recommends that the motion be denied. Counsel for Harris has stated to the court that he mailed the discovery responses sometime before April 15, and the court accepts counsel's explanation. Harris and her counsel are warned, however, that their failure to comply with the court's orders or to cooperate in discovery in the future may result in dismissal of Harris' claims with prejudice.

### III.   RECOMMENDATION

For the reasons above, the court recommends that defendant's motion be denied.

Respectfully submitted.

S/ Tu M. Pham

_____

TU M. PHAM
United States Magistrate Judge


May 25, 2006

_____
Date


### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**